
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BOBBY RAY YOUNG          CIVIL ACTION NO. 08-0336; SEC. P
   LA. DOC #83164

VERSUS                   DISTRICT JUDGE DEE D. DRELL

ANN MAXEY, ET AL.        MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

*Pro se* plaintiff Bobby Ray Young is a prisoner in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) who is confined at the Winn Corrections Center (WCC), Winnfield, Louisiana. Proceeding *in forma pauperis*, he filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 5, 2008. Plaintiff complains that Ann Maxey, the WCC mail room supervisor, withheld correspondence from plaintiff's attorney for a period of 23 days before delivering it to the plaintiff. He seeks a declaratory judgment stating that the defendants violated his constitutional rights and preliminary and permanent injunctions prohibiting the defendants from opening his legal mail. Plaintiff also "wishes the prospective right to seek monetary damages" in the event that he suffers an injury in the future. [Doc. #5, p.10-11] Finally, Plaintiff asks that criminal charges be filed against the defendants for any future acts of mail tampering.

Plaintiff originally named Dr. Ginger Black of the LSU Health Sciences Center, Pat Thomas, WCC Medical Director, Nurse Assistant

Charlotte Yontz, Dr. Pacheco, and Mona Heyse as defendants [Doc. #1]. However, in his amended complaint, he states that he named several defendants in error, including Dr. Black, Pat Thomas, WCC Medical Director, Nurse Assistant Charlotte Yontz, Dr. Pacheco, and Mona Heyse, and he asks that those defendants be dismissed from the suit. Thus, the only defendant against which Plaintiff raises allegations is Ann Maxey.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## Statement of the Case

On some unspecified date, Plaintiff received mail from his attorney in Monroe, Louisiana. According to the plaintiff, the letter he received was dated September 21, 2007; it was post-marked September 25, 2007, and marked received at WCC on October 18, 2007. Plaintiff received the letter, which was privileged communication, on October 18, 2007, but the letter had been opened. Plaintiff faults Ann Maxey, WCC Mail Room Supervisor, for withholding and opening his legal mail.

## Law and Analysis

Plaintiff was ordered to amend his complaint to provide the date that he received the letter and a description of the evidence he relies upon to establish that the WCC Mail Room, and not the United States Postal Service, was responsible for the delay in

delivering his letter. In response, Plaintiff stated that he received the letter on October 18, 2007, the same date that the letter was received by the WCC mail room, according to the WCC stamp. Plaintiff alleges that WCC actually received the letter on a previous date, but then stamped the letter as having been received on October 18th. However, Plaintiff has offered no evidence to support his theory.

As for the envelope being opened when Plaintiff received it, the Fifth Circuit has stated, "A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech - i.e., the right to be free from unjustified governmental interference with communication." Brewer v. Wilkinson, 3 F.3d 816, 820, (5th Cir.1993), cert. denied, 510 U.S. 1123 (1994). However, in order to state a claim based on delay or interference with the mail, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 351-54 (1996). Thus, Plaintiff was ordered to amend his complaint to allege the nature and extent that he was injured as a result of the defendant's conduct. In his Amended Complaint Plaintiff specifically states, "The plaintiff does not allege actual injury as a result of the defendant's actions at this particular point in time." [Doc. #5, p.6]

While the lack of injury would bar a claim for monetary

damages for emotional injuries, see 42 U.S.C. §1997e, it does not bar injunctive or declaratory relief, see Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). However, to obtain such relief Plaintiff would have to establish a likelihood of future harm. Id. Plaintiff's allegation that Maxey withheld his mail on a single occasion does not establish a real or immediate threat that his constitutional rights would be violated in the future. See id. ("Geiger's allegations that defendants withheld his magazines on a single occasion does nothing to establish a real and immediate threat that defendants would violate his First Amendment rights in the future."). Plaintiff has offered nothing more than a conclusory assumption that he might suffer some unspecified future harm.

Plaintiff also requests that criminal charges be filed against the defendant(s) for any future acts of mail tampering. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 31st day of July, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE